469 P.2d 5

Robert L. VELASQUEZ, by and through his Guardian Ad Litem, Corinne F. Muniz, Plaintiff and Appellant,

v.

UNION PACIFIC RAILROAD COMPANY, a Utah corporation, State of Utah, Public Service Commission, and Heinz Reinhold, Defendants and Respondents.

No. 11883.

Supreme Court of Utah.

May 7, 1970.

3.  Restatement of Torts, 2d, § 328E(a).

------◆------

Felshaw King, of King & King, Clearfield, for appellant.

Vernon B. Romney, Atty. Gen., Gary A. Frank, Verl R. Topham, Asst. Attys. Gen., Salt Lake City, for respondents.

ELLETT, Justice.

The appellant was a passenger in a pick-up truck which was involved in a crossing collision with a Union Pacific train. He sued the respondent, State of Utah Public Service Commission, as well as the railroad company. A summary judgment was entered in favor of the State of Utah, and the plaintiff appealed.

We direct our attention to the Governmental Immunity Act under which plaintiff seeks to recover from the State. Section 63–30–8, U.C.A.1953, Replacement Volume 7A, reads:

> Immunity from suit of all governmental entities is waived for any injury caused by a defective, unsafe, or dangerous condition of any highway, road, street, alley, crosswalk, sidewalk, culvert, tunnel, bridge, viaduct or other structure located thereon.

Plaintiff contends that there was a defect in the highway in that the railroad crossing did not have proper warning devices to warn motorists of said crossing.

Even if we assume that the failure to have the most improved warning signs at a railroad crossing is a defect in the highway, there is another section of the statute which has a bearing upon the question of recovery against the respondent herein. Section 63–30–10, U.C.A.1953, Replacement Volume 7A, insofar as material reads as follows:

> Immunity from suit of all governmental entities is waived for injury proximately caused by a negligent act or omission of an employee committed within the scope of his employment except if the injury:
>
> (1) arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused, or
>
> \* \* \* \* \* \*
>
> (4) arises out of a failure to make an inspection or by reason of making an inspection, or by reason of making an inadequate or negligent inspection of any property, or
>
> \* \* \* \* \* \*

The appellant claims that the respondent had a duty to protect the public by requir-

ing proper and adequate safety devices at all railroad crossings and that it was negligent in that (a) it did not require the railroad company to install adequate protective devices and (b) it did not establish a program to discover dilapidated signs in meeting standards set by the respondent and to replace such signs.

By statute (Sec. 54–4–14, U.C.A.1953) the respondent has *"power,* by general or special orders, rules or regulations, or otherwise, to require every public utility to construct, maintain and operate its * * * tracks * * * in such a manner as to promote and safeguard the health and safety of its employees, passengers, customers and the public, and * * * to prescribe, * * * the installation, use, maintenance and operation of appropriate safety or other devices * * * at grade crossings * * *." (Emphasis added.)

The fact that the statute gives the respondent power to require the Union Pacific Railroad Company to construct and maintain *appropriate* safety devices shows a legislative intent to confer a *discretion* on the respondent. One type of device which might be satisfactory at the crossing of a seldom used country road might be entirely inadequate at the crossing of a busy highway. The traffic along the highway and the number of trains which daily pass the crossing would be factors in determining the type of device to be used.

The statute gives the respondent the power to require a different safety device at the crossing in question, but that does not mean that the plaintiff should recover simply because a better warning signal could or should have been installed. The Public Service Commission has the discretion to require the installation of such signals as in its judgment the health or safety of employees, passengers, customers or the public may require. Therefore, the respondent as an arm of the State of Utah is excepted from the waiver of immunity from suit, and the trial judge was correct in ruling as he did.

The judgment appealed from is affirmed. No costs are awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ. concur.